IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: KEVIN GENTER,<br>Debtor. | §<br>§<br>§ | Bankruptcy Case No. 16-34808-SGJ-7 |
| NUBIA GENTER, SUSIE E. GENTER,<br>ROGER C. GENTER, GENTER'S<br>DETAILING, INC., GENTER'S, LLC,<br>and GUMBALL GUMBALL, LLC,<br>Appellants, | §<br>§<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 3:19-CV-01951-E |
| DIANE G. REED, TRUSTEE<br>Appellee. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Leave to Pursue Interlocutory Appeal and Request for Certification of Direct Appeal to the Fifth Circuit Court of Appeals filed by appellants Nubia Genter, Susie E. Genter, Roger C. Genter, Genter's Detailing, Inc., Genter's, LLC, and Gumball Gumball, LLC (collectively, appellants) (Doc. No. 1-1). Having carefully considered the motion, the parties' briefing, and applicable law, the Court finds the motion should be DENIED.

### BACKGROUND

In December 2016, debtor Kevin Genter filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. Two years later, trustee Diane G. Reed filed an original complaint alleging, among other things, fraudulent transfers of stocks and cars in violation of the Texas Uniform Fraudulent Transfer Act, TEX. BUS. & COM. CODE ANN. § 24.001-.013 (TUFTA). Appellants filed a motion to dismiss, which the Bankruptcy Court denied conditioned on the trustee filing a more specific and definite pleading. The trustee filed an amended complaint, and

appellants again moved to dismiss, arguing among other things, that the trustee's TUFTA causes of action "expired on December 15, 2018 and the procedural mechanisms of Rule 15 cannot revive those claims." *See* FED. R. CIV. P. 15. Following a hearing, the Bankruptcy Court entered an order granting appellants' motion to dismiss as to the trustee's claims related to the transfer of Gumball Gumball, LLC membership interests, but otherwise denying the motion.

Appellants seek leave to appeal the Bankruptcy Court's order as well as certification of the interlocutory appeal directly to the Fifth Circuit Court of Appeals. In doing so, appellants present the following question:

> Whether the Bankruptcy Court erred in denying the Defendants' Second Motion to Dismiss by finding that Section 546 of the Bankruptcy Code preempts the Texas Uniform Fraudulent Transfer Act and the statute of repose contained therein.

*MOTION FOR LEAVE TO APPEAL*

1. *Legal Standard*

A district court has discretion to hear appeals from interlocutory bankruptcy court orders and decrees. *See* 28 U.S.C. § 158(a)(3); *In re Houston Bluebonnet, L.L.C.*, 770 F. App'x 222, 223 n.3 (5th Cir. 2019) (per curiam). To determine whether to grant leave to appeal an interlocutory order, Fifth Circuit courts apply the standard governing interlocutory appeals generally. *See* 28 U.S.C. § 1292(b); *Ichinose v. Homer National Bank (In re Ichinose)*, 946 F.2d 1169, 1177 (5th Cir. 1991); *Panda Energy Int'l, Inc. v. Factory Mutual Ins.*, Nos. 3:11-CV-003-K & 3:10-CV-2541-K, 2011 WL 610016, at *3 (N.D. Tex. Feb. 14, 2011). The interlocutory order must (1) involve a controlling issue of law and (2) present a question upon which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). All three of the statutory criteria must be met before an interlocutory appeal is proper. *See Arparicio v. Swan Lake*, 643 F.2d 1109, 1110

n.2 (5th Cir. 1981). "[T]he Fifth Circuit disfavors interlocutory appeals" and leave to appeal is "sparingly granted." *See Odle v. Wal-Mart Stores Inc.*, No. 3:11-CV-2954-O, 2013 WL 66035, at *2 (N.D. Tex. Jan. 7, 2013) (citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985)).

A "substantial ground for difference of opinion" may arise if "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *CERX Pharmacy Partners, LP v. Provider Meds LP*, No. 3:14-CV-1785-L, 2014 WL 6673465, at *2–3 (N.D. Tex. Nov. 25, 2014) (quoting *Ryan v. Flowserve Corporation*, 444 F. Supp.2d 718, 723–24 (N.D. Tex. 2006)). Substantial ground for difference of opinion "must arise out of genuine doubt as to whether the Bankruptcy Court applied the correct legal standard." *In re Hallwood Energy*, L.P., No. 3:12-CV-1902-G, 2013 WL 524418, at *3 (N.D. Tex. 2013) (citation omitted). And, "some varying in results in case law … is insufficient to suggest there is 'substantial ground for difference of opinion' that would justify" interrupting the bankruptcy court's pretrial proceedings. *Id.*

    2.    *Application*

Under 11 U.S.C. § 544, a bankruptcy trustee may step into the shoes of an unsecured creditor and avoid fraudulent transfers or obligations under applicable state laws like TUFTA. *See* 11 U.S.C. § 544(b); *Smith v. Am. Founders Fin., Corp.*, 365 B.R. 647, 675 (S.D. Tex. 2007). In doing so, the trustee is subject to the debtor's defenses against that creditor. *Smith*, 365 B.R. at 675. A TUFTA cause of action for fraudulent transfer or obligation is extinguished unless it is brought within four years after the transfer was made or the obligation incurred or one year after the fraudulent nature of the transfer was or could have been discovered. TEX. BUS. & COM. CODE

ANN. §24.010.[1]  However, section 546(a) provides that a section 544 action must commence within "the later of … (A) 2 years after the entry of the order for relief" in the bankruptcy court, or "(B) 1 year after the appointment or election of the first trustee…."  11 U.S.C. § 546(a)(1).

Appellants frame their appellate issue as whether the Bankruptcy Court erred in finding section 546 of the Bankruptcy Code preempts the TUFTA statute of repose.  Among other things, they assert the Bankruptcy Court's order presents a question upon which there is a substantial ground for difference of opinion because "there are no circuit court opinions addressing the issue … and the question of preemption in this case certainly involves a novel and difficult question of first impression."

Although circuit courts have not directly addressed the interplay between a state uniform fraudulent transfer act statute of repose like section 24.010 and section 546(a), a number of lower courts have.  In doing so, those courts have determined section 546(a) applies; to wit, if fraudulent transfer claims are viable as of the beginning of a bankruptcy proceeding under a state statute of repose, a trustee has two years from that date to bring the claims under section 546(a).  *See Smith*, 365 B.R. at 677–79 (finding TUFTA section 24.010 must yield to federal law because "[s]ection 546(a) is designed to give the trustee some breathing room to determine which claims to bring under section 544"); *Ebert v. Gustin*, No. 4:15-CV-00225-O, 2016 WL 11663136, at *5 (N.D. Tex. June 2, 2016); *O'Cheskey v. Citigroup Global Mkts., Inc. (In re Am. Hous. Found.)*, 543 B.R. 245, 253 n.10 (Bankr. N.D. Tex. 2015) (noting "general consensus among the courts … that the

---

[1]  TUFTA's four-year provision is a statute of repose.  *Nathan v. Whittington*, 408 S.W.3d 870, 874 (Tex. 2013).  Unlike a statute of limitations, a statute of repose both procedurally bars an untimely claim and "substantively 'extinguishes' the cause of action."  *Id.*

limitations period of § 546 'preempts' a state's statute of limitations (or repose)"); *Rund v. Bank of Am. Corp. (In re EPD Inv. Co., LLC)*, 523 B.R. 680, 691–92 (9th Cir. BAP 2015); *Forman v. Willix*, Nos. 13-5291 & 13-5293(CCC), 2014 WL 1877628, at *1–2, 4 (D.N.J. Apr. 30, 2014); *Andres Holding Corp. v. Villaje Del Rio, Ltd.*, Nos. SA-09-CV-127-XR & SA-09-CV-268-XR, 2011 WL 860529, at *11 (W.D. Tex. Mar. 8, 2011); *Redmond v. Brad Noll & Assocs. (In re Brooke Corp.)*, No. 08-22786, 2011 WL 6752422, at * 2 (Bankr. D. Kan Dec. 16, 2011); *In re Leach*, 380 B.R. 25, 29–30 (Bankr. D.N.M. 2007); *Gibbons v. First Fid. Bank, N.A. (In re Princeton–NY Inv'rs, Inc.)*, 199 B.R. 285, 298 (Bankr. D.N.J. 1996), *aff'd*, 219 B.R. 55 (D. N.J. 1998); *see also Cotter v. Gwyn*, No. 15-4823, 2016 WL 4479510, at *12–13 (E.D. La. Aug. 25, 2016) (concluding section 546(a) preempts Louisiana state statute of repose).

In *Stanley ex rel. Estate of Hale v. Trinchard*, 579 F.3d 515, 517–18 (5th Cir. 2009), the Fifth Circuit considered whether a Louisiana statute of repose was exempt from Bankruptcy Code section 108, which allows a trustee to commence an action on behalf of the debtor's estate within the period allowed by state law for such an action or within two years after the order for relief, whichever is later.  The Court determined section 108(a) extended the state statute of repose, noting "Congress has an overring and unqualified interest in allowing bankruptcy trustees sufficient time to discover causes of action on behalf of their estates." *Id*. at 516.  Because section 108 extends the time period for bringing a state cause of action that existed independent of bankruptcy and section 546 concerns a federally-created claim authorizing a trustee to avoid fraudulent transfers, the Court declined to draw an analogy to the lower court decisions finding section 546(a) preempts state statutes of repose.  *Stanley*, 579 F.3d at 519.  Nevertheless, the Court noted those decisions, without disapproval, and its reasoning, based on bankruptcy law's precedence over state laws, applies equally to section 544 claims.  *See Cotter*, 2016 WL 4479510, at *13 & n.110.

Here, the Bankruptcy Court did not rule in a manner contrary to any court of appeal ruling on the issue raised by appellants, there is no split among circuits on the issue, and the issue does not raise a complicated question under foreign law. Nor is the issue a "novel and difficult question of first impression" that requires an immediate resolution by interlocutory appeal. To the contrary, decisions of both district courts and bankruptcy courts in this district and several other districts throughout the United States have analyzed the issue and come to the same conclusion. Accordingly, this Court finds appellants have not sufficiently demonstrated there is substantial ground for difference of opinion on the Bankruptcy Court's order and, therefore, must deny the motion for leave to appeal.[2] *See* 28 U.S.C. §§ 158(a)(3); 1292(b); *CERX Pharmacy Partners*, 2014 WL 6673467, at *3.

### MOTION TO CERTIFY APPEAL

1. *Legal Standard*

Under 28 U.S.C. § 158(d), a party may appeal from a bankruptcy court directly to the United States Court of Appeals if the district court certifies any one of the following: (1) the appeal involves a question of law for which there is no controlling decision from this circuit or that involves a matter of public importance; (2) the appeal involves a question of law requiring the resolution of conflicting decisions; or (3) an immediate appeal may materially advance the progress of the underlying bankruptcy proceeding. *See* 28 U.S.C. § 158(d)(2)(A).

---

[2] Because appellants fail to demonstrate a substantial ground for difference of opinion, the Court need not address the remining section 1292(b) factors. *CERX Pharmacy Partners*, 2014 WL 6673467, at *3.

2. *Analysis*

Appellants request certification on the grounds that there is no current circuit court authority, the appeal is a matter of public importance, and an immediate appeal would materially advance the progress of the case. The Court recognizes that there is no directly controlling decision in the Fifth Circuit regarding whether section 546 preempts the TUFTA statute of repose. However, Fifth Circuit law is clear that Bankruptcy Code sections 544 and 546 concern "federally-created claim(s)," the "subject of bankruptcy falls within the express constitutional powers of Congress, and bankruptcy law therefore takes precedence over state laws under the Supremacy Clause." *See Stanley*, 579 F.3d at 519 (citing U.S. CONST., art. VI). And, lower courts have relied on this precedent in resolving this very issue. *See, e.g., Cotter*, 2016 WL 4479510, at *13 & n.110; *Andres Holding Corp.*, 2011 WL 860529, at *11; *see also Smith*, 365 B.R. at 679 ("State avoidance actions do not present 'countervailing state interest[s] which would outweigh the fulfillment of congressional goals.'").

With respect to public importance, appellants assert "completely stripping potential fraudulent transfer targets of statutory substantive rights and defenses they have under Texas law is of the upmost public importance." Apart from this conclusory statement, appellants provide no explanation for why the issue is a matter of public importance that must be certified for interlocutory appeal to the Fifth Circuit. *See also, e.g., In re MPF Holding U.S. LLC*, 444 B.R. 719, 726 (Bankr. S.D. Tex. 2011) (concluding post-confirmation preservation of causes of action, which is "ultimately just a matter of statutory interpretation and common law analysis instead of an in-depth discussion of complex constitutional issues that affect the public as a whole," does not rise to the level of public importance).

Finally, appellants contend that resolution of the issue in their favor could bar liability, thus "materially advanc[ing] the progress of this case." Appellants' argument, however, applies to any order on a potentially dispositive motion. Further, in light of the existing authority consistently deciding this issue contrary to appellants' position, the Court finds an immediate appeal is not likely to advance the progress of the underlying bankruptcy case. Indeed, any benefit in permitting direct appeal will likely be outweighed by the delay lost pending the appeal. *See, e.g., Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Because appellants have not met their burden of demonstrating a ground for certification under section 158(d)(2), the Court finds certification of a direct appeal to the Fifth Circuit is not appropriate in this case.

## CONCLUSION

Appellants' Motion for Leave to Pursue Interlocutory Appeal and Request for Certification of Direct Appeal to the Fifth Circuit Court of Appeals (Doc. No. 1-1) is **DENIED**.

**SO ORDERED.**

Signed June 12, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE